Record &
Return to: ReturnTo

Mark Perlman, Esq.
1820 E. Hallandale Beach Blvd.
Hallandale Beach, FL 33009

INSTR # 107294087
OR BK 44466 Pages 593 – 595
RECORDED 08/13/07 07:29:02
BROWARD COUNTY COMMISSION
DOC STMP-M: $1225.00
INT TAX: f1 $700.00
DEPUTY CLERK 3075
#2, 3 Pages

# SECOND MODIFICATION OF MORTGAGE

THIS SECOND MODIFICATION OF MORTGAGE AND NOTE (the "Second Modification"), made this ___ day of July, 2007, between MICKY BISS, AS TRUSTEE OF THE ELAINE BISS REVOCABLE TRUST (referred to herein as the "Mortgagee") having an address of 1744 South Miami Avenue, Miami, FL 33129 and I. KUSHNIR HOTELS, INC., a Florida corporation ("IKH") having an address of 3001 North Ocean Drive, Hollywood, FL 33019; and Israel Kushnir, individually ("Kushnir") having an address of 3001 North Ocean Drive, Hollywood, FL 33019.

IKH and Kushnir may be collectively referred to herein as the "Borrowers".

RECITALS:

WHEREAS, as indicated in that certain Promissory Note dated as of April 5, 2005 (the "Note"), Mortgagee loaned the sum of $400,000 to Borrowers, jointly and severally, the Note originally being due and payable in full on April 5, 2007;

WHEREAS, the Note is secured by that certain Real Estate Mortgage, Assignment of Rents and Security Agreement dated as of April 5, 2005 (the "Mortgage") and recorded in Official Records Book 39425 at Page 285 of the public records of Broward County, Florida encumbering property legally described as follows (the "Property"):

> LOTS 10 AND 11, LESS THE WESTERLY 12.13 FEET THEREOF AND ALL OF LOT 9, BLOCK 6, HOLLYWOOD BEACH SECOND ADDITION, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 4, PAGE 6 OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.

> Address:        3001 North Ocean Drive, Hollywood, Florida

> Folio Number:   1212-02-0880

WHEREAS, Mortgagee and the Borrowers entered into that certain Modification of Mortgage and Note, dated September 29, 2006 (the "First Modification") and recorded in Official Records book 42896 at pages 602 – 604 of the public records of Broward County, Florida;

WHEREAS, the Mortgagee and the Borrowers wish to make certain additional modifications to the Mortgage as set forth in this Second Modification;

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties agree as follows:

1.    **Recitals.** The Recitals set forth above are true and correct and are incorporated herein by this reference.

2.    **Future Advance.** As permitted pursuant to the terms of the Mortgage, Lender has made a Future Advance (as defined in the Mortgage) to Borrower of $350,000 which shall be evidenced by a Future Advance Promissory Note of even date herewith and secured by the Mortgage pursuant to Section 4.5 of the Mortgage.

**ALL APPLICABLE DOCUMENTARY STAMPS AND INTANGIBLE TAXES RELATIVE TO THE NOTE HAVE BEEN PAID AND PROPERLY AFFIXED TO THE NOTE AND MORTGAGE REFERENCED HEREIN.**

TrustMortMod2

3.  **Existing Note.** Lender is the holder of the Note and there is currently due and owing the unpaid principal balance of $400,000 (the "Current Balance"). In connection with the Note, all applicable documentary stamp taxes and intangible taxes were paid at the time of recording the Mortgage.

4.  **Consolidated Promissory Note.** The indebtedness evidenced by the Future Advance Promissory Note and the Note are to be consolidated into a Consolidated Promissory Note of even date herewith with an initial indebtedness of $750,000. The Consolidated Promissory Note does not extinguish the indebtedness as evidenced by the Note and the Future Advance Note, does not discharge, satisfy or release the Mortgage or any other security and is not intended to be a substitution or novation of the original indebtedness.

5.  **Miscellaneous.** This Second Modification shall be binding upon and inure to the benefit of Mortgagee and Borrowers and their respective successors and assigns. Time is of the essence. Borrower agrees to execute any further documents as may be required, in the reasonable opinion of the Lender, to effectuate the transactions contemplated by this Second Modification.

IN WITNESS WHEREOF, the Mortgagee and the Borrowers have executed this Modification on the day and year first above written.

As to Mortgagee,
signed, sealed and delivered
in the presence of:

MORTGAGEE:

THE ELAINE BISS REVOCABLE TRUST

By: _____
    Micky Biss, Trustee

Print
name: DORIS FREUDMAN

Print
name: Alvad Perez

As to Borrowers,
signed, and sealed and delivered
in the presence of

BORROWERS:

Marilyn R Dixon
Marilyn R Dixon

I. KUSHNIR HOTELS, INC.

By: _____
Print
name: _____

By: _____
    Israel Kushnir, President

By: Marilyn R Dixon
Print
name: Marilyn R Dixon

By: _____
    Israel Kushnir, Individually

By: _____
Print name: _____

TrustMortMod2

2

STATE OF FLORIDA            )

COUNTY OF *Miami-Dade*      )

The foregoing instrument was acknowledged under oath before me this 23rd day of July, 2007, by Micky Biss as Trustee of the Elaine Biss Revocable Trust, who is personally known to me or who produced as identification.

Notary Public

My Commission Expires:

NOTARY PUBLIC
STATE OF FLORIDA

NANCY LYNK-ALBERTS
MY COMMISSION # DD 675618
EXPIRES: June 8, 2011
Bonded Thru Budget Notary Services


STATE OF FLORIDA            )
                            )
COUNTY OF BROWARD           )

The foregoing instrument was acknowledged under oath before me this 24 day of July, 2007, by Israel Kushnir individually and as President of I. Kushnir Hotels, Inc. who is personally known to me or who produced as identification.

Notary Public

My Commission Expires:

NOTARY PUBLIC
STATE OF FLORIDA

MARK PERLMAN
MY COMMISSION # DD 605947
EXPIRES: November 8, 2010
Bonded Thru Budget Notary Services


TrustMortMod2                    3

EXHIBIT "5"

<u>FUTURE ADVANCE PROMISSORY NOTE</u>

U.S. $350,000.00                                        Hallandale Beach, Florida
                                                        July 24, 2007

1.      Parties.

        1.1     I. Kushnir Hotels, Inc., a Florida corporation and Israel Kushnir, individually, (collectively, the "Borrower") all having an address of 3001 North Ocean Drive, Hollywood, FL 33019.

        1.2     Micky Biss, Trustee of the Elaine Biss Revocable Trust ("Lender"), whose address is 1744 South Miami Avenue, Miami, Florida 33129.

2.      Borrower's Promise to Pay.  For value received, Borrower promises to pay to the order of Lender, its successors or assigns, without any off-set or deduction whatsoever, THREE HUNDRED FIFTY THOUSAND and No/100 ($350,000.00) U.S. Dollars (the "Principal"), plus interest (the "Interest") from the date hereof at the rate of ten (10%) percent per annum.  In the event of default hereunder, from the date of default, interest shall accrue at the highest rate permitted by applicable law.

Lender is the holder of an existing Promissory Note made by Borrower on April 5, 2005 in the original principal amount of $400,000 (the "Original Note") which was modified by that certain Modification of Mortgage and Note dated September 29, 2006 (the "Modification").  The Original Note is secured by that certain Real Estate Mortgage, Assignment of Rents and Security Agreement dated April 5, 2005 between Borrower and Lender (the "Mortgage") as modified by the Modification.  The proceeds of this Future Advance Promissory Note (the "FA Note") are a permitted future advance under the Mortgage and, as such, are secured by the Mortgage as modified by the Modification.

3.      Payments.  Installments of Interest only totaling Two Thousand Nine Hundred Sixteen Dollars and Sixty-seven Cents ($2,916.67) shall be due and payable monthly commencing on August 24, 2007 and on the 24th day of each month thereafter until October 24, 2008, at which time the entire unpaid Principal balance and any unpaid Interest will be due and payable in full.

4.      Application of Payments.  So long as no default has occurred in this Note, all payments hereunder shall first be applied to Interest, then to Principal.  Upon default in this Note, all payments hereunder shall first be applied to costs pursuant to Section 8.3, then to Interest and the remainder to Principal.

5.      Prepayment.  This Note may be prepaid, in full and not in part, at any time, provided, however, that if, at the time of prepayment, the total amount of accrued and unpaid interest paid on the Note from inception of the Note through and including the date of prepayment (including any then due accrued and unpaid Interest) (the "Paid Interest"), is less than Thirty-five Thousand Dollars ($35,000), then in addition to payment of the then due accrued and unpaid interest under the Note, the undersigned shall pay to Lender, as a prepayment penalty, the difference between Thirty-five Thousand Dollars ($35,000) and Paid Interest.  Such prepayment penalty shall apply in any event of any prepayment including, without limitation, prepayment as a result of Lender's acceleration (as per Paragraph 8.2 below) and prepayment as a result of a judgment

Notwithstanding the prepayment penalty set forth in this Paragraph 5, if the property encumbered by the Mortgage is sold, Borrower shall have the right to prepay the Note in full, and not in part, without penalty, so long as Borrower provides to Lender not less than sixty (60) days prior written notice of the sale.  If Borrowers fail to provide such notice on a timely basis, time being of the essence, as a condition precedent to any pay-off of the Note, Lender shall be paid Interest through the later of: i) the date of pre-payment; or ii) the date that is sixty (60) days after the date that Lender receives such notice.

6.      Other Instruments.  The term "Loan Documents" as used herein shall mean all and any of the documents now or hereafter executed by Borrower, by others, or by Borrower and others, in favor of Lender, which wholly or partly secure or are executed in connection with this Note, including, but not limited to, the Real Estate Mortgage, Assignment of Rents and Security Agreement of even date herewith encumbering certain real and personal property located in Miami-Dade County, Florida.  Reference is made to the provisions of the Loan Documents for a description of the further rights of Lender.

7.      Place of Payment.  All payments hereunder shall be made at Lender's address set forth above or such other place as Lender may from time to time designate in writing.

8.      Default.

        8.1     If any sum due Lender hereunder, or under any of the Loan Documents, is not paid within 10 days of when due, or if any other default occurs under any of the Loan Documents or if any obligation of Borrower under any of the Loan Documents is not fully performed, subject to any applicable grace period, then this Note shall be in default.

        8.2     Upon default in this Note: (a) Lender, at its option, may declare the entire unpaid Principal balance of this Note, together with accrued Interest, to be immediately due and payable without notice or demand, and (b) Lender shall be entitled to the benefit of any remedies available to it at law or in equity.

8.3     In addition to payments of Interest and Principal, if there is a default in this Note, Lender shall be entitled to recover from Borrower all of Lender's costs of collection, including Lender's attorneys' fees, paralegals' fees and legal assistants' fees (whether for services incurred in collection, litigation, bankruptcy proceedings, appeals or otherwise) and all other costs incurred in connection therewith.

9.     Late Charges.  A late charge of five percent (5%) of any payment required hereunder shall be imposed on each and every payment, including the final payment due hereunder, not received by Lender within five days after it is due.  The late charge is not a penalty, but liquidated damages to defray administrative and related expenses due to such late payment.  The late charge shall be immediately due and payable and shall be paid by Borrower to Lender without notice or demand.  Lender's acceptance of a late charge shall not constitute a waiver of any default then existing or thereafter arising in this Note.

10.    Maximum Interest.  It is the intent of the parties hereto that in no event shall the amount of Interest or payments in the nature of Interest payable hereunder exceed the maximum rate of Interest allowed by applicable law, as amended from time to time, and in the event any such payment is paid by Borrower or received by Lender, then such excess sum shall be credited as a payment of Principal, unless Borrower notifies Lender, in writing, that Borrower elects to have such excess sum returned to it forthwith.

11.    Unconditional Payment.  Borrower is and shall be obligated to pay Principal, Interest and any and all other amounts which become payable hereunder or under the other Loan Documents absolutely and unconditionally and without any abatement, postponement, diminution or deduction and without any reduction for counterclaim or set-off.

12.    Waivers.  Borrower and any endorsers, sureties, guarantors and all others who are, or may become liable for the payment hereof, severally:

12.1     waive presentment for payment, demand, notice of demand, notice of non-payment or dishonor, protest and notice of protest of this Note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this Note;

12.2     consent to all extensions of time, renewals, postponements of time of payment of this Note or other modifications hereof from time to time prior to or after the Maturity Date, whether by acceleration or in due course, without notice, consent or consideration to any of the foregoing;

12.3     agree to any substitution, exchange, addition, or release of any of the security for the indebtedness evidenced by this Note or the addition or release of any party or person primarily or secondarily liable hereon;

12.4     agree that Lender shall not be required first to institute any suit, or to exhaust its remedies against the undersigned or any other person or party to become liable hereunder or against the security in order to enforce the payment of this Note; and

12.5     agree that, notwithstanding the occurrence of any of the foregoing (except by the express written release by Lender of any such person), the undersigned shall be and remain, jointly and severally directly and primarily liable for all sums due under this Note.

13.    Submission to Jurisdiction.  Borrower, and any endorsers, sureties, guarantors and all others who are, or who may become, liable for the payment hereof severally, irrevocably and unconditionally:

13.1     agree that any suit, action, or other legal proceeding arising out of or relating to this Note may be brought, at the option of Lender, in a court of record of the State of Florida in Broward County, in the United States District Court for the Southern District of Florida, or in any other court of competent jurisdiction;

13.2     consent to the jurisdiction of each such court in any such suit, action or proceeding; and

13.3     waive any objection which it or they may have to the laying of venue of any such suit, action, or proceeding in any of such courts.

14.    Miscellaneous Provisions.

14.1     The term "Lender" as used herein shall mean any holder of this Note.

14.2     Time is of the essence in this Note.

14.3     The captions of sections of this Note are for convenient reference only and shall not affect the construction or interpretation of any of the terms and provisions set forth in this Note.

14.4     This Note shall be construed, interpreted, enforced and governed by and in accordance with the laws of the State of Florida (excluding the principles thereof governing conflicts of law), and federal law, in the event federal law permits a higher rate of interest than Florida law.

14.5     If any provision of this Note is found by a court of competent jurisdiction to be unenforceable or null and void, such provision shall be deemed stricken and severed from this Note, and the remaining provisions shall continue in full force and effect.

14.6     This Note and the other Loan Documents contain the entire agreements between the parties relating to the subject matter hereof and thereof and all prior agreements relative hereto and thereto which are not contained herein or therein are terminated. This Note may not be amended, extended, renewed nor modified nor shall any waiver of any provision hereof be effective, except by an instrument in writing executed by an authorized agent of Lender. Any waiver of any provision hereof shall be effective only in the specific instance and for the specific purpose for which given.

15.     Waiver of Trial by Jury.   BORROWER AND LENDER (BY ACCEPTANCE OF THIS INSTRUMENT) HEREBY KNOWINGLY, IRREVOCABLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT EITHER MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY ACTION, PROCEEDING OR COUNTERCLAIM BASED ON THIS NOTE, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE OR ANY LOAN DOCUMENT, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY HERETO OR TO ANY LOAN DOCUMENT.   THIS PROVISION IS A MATERIAL INDUCEMENT FOR BORROWER AND LENDER ENTERING INTO THE SUBJECT LOAN TRANSACTION.

BORROWER:

I. Kushnir Hotels, Inc., a Florida corporation

By: _____
        Israel Kushnir, President

RM Works Incorporated

By: _____
        Israel Kushnir, President

_____
Israel Kushnir, individually

STATE OF FLORIDA        )
                        ) SS:
COUNTY OF BROWARD       )

        The foregoing instrument was acknowledged before me this 24 day of July, 2007 by Israel Kushnir, individually and as President of RM Works Incorporated and as President of I. Kushnir Hotels, Inc.  He is personally known to me or who has produced _____ as identification.



_____
Notary Public, State of Florida
Print Name: _____
My Commission Expires: _____

MARK PERLMAN
MY COMMISSION # DD 609947
EXPIRES: November 8, 2010
Bonded Thru Budget Notary Services

EXHIBIT "6"

## CONSOLIDATED PROMISSORY NOTE

U.S. $750,000.00

Hallandale Beach, Florida
July 24, 2007

Preamble:

Lender (as defined below) is the holder of an existing Promissory Note made by Borrower (as defined below) on April 5, 2005 in the original principal amount of $400,000 (the "Original Note") which was modified by that certain Modification of Mortgage and Note dated September 29, 2006 (the "Modification"). Lender is also the holder of a Future Advance Promissory Note (signed contemporaneously with this Consolidated Promissory Note) in the original principal amount of $350,000 (the "Future Advance Note"). The Original Note and the Future Advance Note are both secured by that certain Real Estate Mortgage, Assignment of Rents and Security Agreement dated April 5, 2005 between Borrower and Lender (the "Mortgage") as modified by the Modification. The proceeds of the Future Advance Promissory Note were a permitted future advance under the Mortgage and, as such, are secured by the Mortgage as modified by the Modification.

At Borrower's request, the Original Note and the Future Advance Note are being consolidated, amended and restated in their entirety by means of this Consolidated Promissory Note (the "Consolidated Note") to reflect, among other things, an increase in the present unpaid principal amount due, yielding a total consolidated principal balance of SEVEN HUNDRED FIFTY THOUSAND and No/100 ($750,000.00) US DOLLARS. State of Florida Documentary Stamp Tax and Nonrecurring Intangible Tax were paid on the Original Note and are only due on the principal balance of the Future Advance Note which has been executed simultaneously with the execution of this Consolidated Note. This Consolidated Note is not being accepted by the Lender in payment or satisfaction of the Original Note or the Future Advance Note, but rather as the substitution of one evidence of debt for another without any intent to extinguish the old. For sake of convenience, Borrower and Lender have agreed to amend and restate the Original Note and the Future Advance Note in their entirety in this Consolidated Promissory Note.

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Borrower and Lender agree that the Original Note and the Future Advance Note are hereby consolidated, amended and restated as follows (as consolidated, amended and restated, the "Note"):

1.    Parties.

1.1    I. Kushnir Hotels, Inc., a Florida corporation and Israel Kushnir, individually, (collectively, the "Borrower") all having an address of 3001 North Ocean Drive, Hollywood, FL 33019.

1.2    Micky Biss, Trustee of the Elaine Biss Revocable Trust ("Lender"), whose address is 1744 South Miami Avenue, Miami, Florida 33129.

2.    Borrower's Promise to Pay. For value received, Borrower promises to pay to the order of Lender, its successors or assigns, without any off-set or deduction whatsoever, SEVEN HUNDRED FIFTY THOUSAND and No/100 ($750,000.00) U.S. Dollars (the "Principal"), plus interest (the "Interest") from the date hereof at the rate of ten (10%) percent per annum. In the event of default hereunder, from the date of default, Interest shall accrue at the highest rate permitted by applicable law.

3.    Payments. Installments of Interest only totaling Six Thousand Two Hundred Fifty ($6,250.00) shall be due and payable monthly commencing on August 24, 2007 and on the 24th day of each month thereafter until October 24, 2008, at which time the entire unpaid Principal balance and any unpaid Interest will be due and payable in full.

4.    Application of Payments. So long as no default has occurred in this Note, all payments hereunder shall first be applied to Interest, then to Principal. Upon default in this Note, all payments hereunder shall first be applied to costs pursuant to Section 8.3, then to Interest and the remainder to Principal.

5.    Prepayment. This Note may be prepaid, in full and not in part, at any time, provided, however, that if, at the time of prepayment, the total amount of accrued and unpaid interest paid on the Note from inception of the Note through and including the date of prepayment (including any then due accrued and unpaid Interest) (the "Paid Interest"), is less than Seventy-five Thousand Dollars ($75,000), then in addition to payment of the then due accrued and unpaid interest under the Note, the undersigned shall pay to Lender, as a prepayment penalty, the difference between Seventy-five Thousand Dollars ($75,000) and Paid Interest. Such prepayment penalty shall apply in any event of any prepayment including, without limitation, prepayment as a result of Lender's acceleration (as per Paragraph 8.2 below) and prepayment as a result of a judgment

Notwithstanding the prepayment penalty set forth in this Paragraph 5, if the property encumbered by the Mortgage is sold, Borrower shall have the right to prepay the Note in full, and not in part, without penalty, so long as Borrower provides to Lender not less than sixty (60) days prior written notice of the sale. If Borrowers fail to provide such notice on a timely basis, time being of the essence, as a condition precedent to any pay-off of the Note, Lender shall be paid Interest through the later of: i) the date of pre-payment; or ii) the date that is sixty (60) days after the date that Lender receives such notice.

6.    Other Instruments.  The term "Loan Documents" as used herein shall mean all and any of the documents now or hereafter executed by Borrower, by others, or by Borrower and others, in favor of Lender, which wholly or partly secure or are executed in connection with this Note, including, but not limited to, the Real Estate Mortgage, Assignment of Rents and Security Agreement of even date herewith encumbering certain real and personal property located in Miami-Dade County, Florida.  Reference is made to the provisions of the Loan Documents for a description of the further rights of Lender.

7.    Place of Payment.  All payments hereunder shall be made at Lender's address set forth above or such other place as Lender may from time to time designate in writing.

8.    Default.

8.1    If any sum due Lender hereunder, or under any of the Loan Documents, is not paid within 10 days of when due, or if any other default occurs under any of the Loan Documents or if any obligation of Borrower under any of the Loan Documents is not fully performed, subject to any applicable grace period, then this Note shall be in default.

8.2    Upon default in this Note: (a) Lender, at its option, may declare the entire unpaid Principal balance of this Note, together with accrued interest, to be immediately due and payable without notice or demand, and (b) Lender shall be entitled to the benefit of any remedies available to it at law or in equity.

8.3    In addition to payments of Interest and Principal, if there is a default in this Note, Lender shall be entitled to recover from Borrower all of Lender's costs of collection, including Lender's attorneys' fees, paralegals' fees and legal assistants' fees (whether for services incurred in collection, litigation, bankruptcy proceedings, appeals or otherwise) and all other costs incurred in connection therewith.

9.    Late Charges.  A late charge of five percent (5%) of any payment required hereunder shall be imposed on each and every payment, including the final payment due hereunder, not received by Lender within five days after it is due.  The late charge is not a penalty, but liquidated damages to defray administrative and related expenses due to such late payment.  The late charge shall be immediately due and payable and shall be paid by Borrower to Lender without notice or demand.  Lender's acceptance of a late charge shall not constitute a waiver of any default then existing or thereafter arising in this Note.

10.    Maximum Interest.  It is the intent of the parties hereto that in no event shall the amount of interest or payments in the nature of interest payable hereunder exceed the maximum rate of interest allowed by applicable law, as amended from time to time, and in the event any such payment is paid by Borrower or received by Lender, then such excess sum shall be credited as a payment of Principal, unless Borrower notifies Lender, in writing, that Borrower elects to have such excess sum returned to it forthwith.

11.    Unconditional Payment.  Borrower is and shall be obligated to pay Principal, interest and any and all other amounts which become payable hereunder or under the other Loan Documents absolutely and unconditionally and without any abatement, postponement, diminution or deduction and without any reduction for counterclaim or set-off.

12.    Waivers.  Borrower and any endorsers, sureties, guarantors and all others who are, or may become liable for the payment hereof, severally:

12.1    waive presentment for payment, demand, notice of demand, notice of non-payment or dishonor, protest and notice of protest of this Note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this Note;

12.2    consent to all extensions of time, renewals, postponements of time of payment of this Note or other modifications hereof from time to time prior to or after the Maturity Date, whether by acceleration or in due course, without notice, consent or consideration to any of the foregoing;

12.3    agree to any substitution, exchange, addition, or release of any of the security for the indebtedness evidenced by this Note or the addition or release of any party or person primarily or secondarily liable hereon;

12.4    agree that Lender shall not be required first to institute any suit, or to exhaust its remedies against the undersigned or any other person or party to become liable hereunder or against the security in order to enforce the payment of this Note; and

12.5    agree that, notwithstanding the occurrence of any of the foregoing (except by the express written release by Lender of any such person), the undersigned shall be and remain, jointly and severally directly and primarily liable for all sums due under this Note.

13.    Submission to Jurisdiction.  Borrower, and any endorsers, sureties, guarantors and all others who are, or who may become, liable for the payment hereof severally, irrevocably and unconditionally:

13.1    agree that any suit, action, or other legal proceeding arising out of or relating to this Note may be brought, at the option of Lender, in a court of record of the State of Florida in Broward County, in the