UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

**I. KUSHNIR HOTELS, INC.**               **CASE NO.: 13-18034-RBR**

    Debtor.                                         **CHAPTER 11**

_____/

## RENEWED MOTION TO DISMISS AND TO ENFORCE SETTLEMENT AGREEMENT

## EXPEDITED HEARING REQUESTED

    The Debtor-in-possession, I. Kushnir Hotels, Inc., obtained authority to use cash collateral through June 28, 2013. It now has no use of funds with which to operate until the cash collateral matter can be addressed again at hearing set for July 9, 2013 at 10:00. The Debtor respectfully requests this matter be set at the same time.

    The Debtor also requests that the Notice provisions for a Rule 9019 motion and for a Motion to Dismiss under Rule 2002 be reduced accordingly.

## BASIS FOR MOTION

    Debtor, I. Kushnir Hotels, renews its Motion to Dismiss (D.E. 33) based on a Settlement Agreement with the secured lenders, USA Express, Inc., Doris Freudman and Micky Biss as Trustee of the Elaine Biss Revocable Trust (Secured Lenders) and moves to approve and enforce the Settlement Agreement, and says:

  1) Kushnir Hotels filed a Voluntary Chapter 11 Petition on April 9, 2013. No trustee has been appointed. The Debtor-in-possession does not believe that a creditors committee will be appointed.

  2) Debtor reported in its previous Motion (D.E. 33) that it had reached an agreement with its Secured Lenders on their secured claims. The settlement was the basis for seeking dismissal of the

case. A copy of the Settlement Agreement is attached as Exhibit A. The Settlement Agreement has been signed by all parties but has not yet been signed by non-party Jennifer Kushnir for the reasons set forth below.

3) Paragraph 3 of the Settlement Agreement specifically requires Bankruptcy Court approval of the agreement[1].

4) The initial Motion to Dismiss was set for hearing on June 28th at 9:30 and at the request of counsel for the Secured Lenders was moved to 10:30. When the hearing began the Debtor merely asked that counsel for the Secured Lenders confirm that the case was, in fact, settled. This was due to the fact that the Secured Lenders had previously changed their position on settlement[2].

5) Counsel for the Secured Lenders, Howard Dubosar, refused to confirm that the case was settled, despite previously making statements to that effect both to counsel and in a hearing before Judge Olson on a related case, and instead tried to imply that the Debtor did not believe the case was settled. The transcript of that hearing that took place on June 28th has been ordered and will be filed with the Court when received.

6) The parties have, in fact, fully completed a settlement which should be enforced by this Court. See Exhibit A.

---

[1] Howard Dubosar, counsel for the Secured Lenders, was to prepare a separate motion seeking approval of the Settlement Agreement, but instead sent counsel an email dated June 19, 2013, stating, "Because we need to modify the agreement for the Jennifer provisions, I will eliminate the need to seek bankruptcy court approval as the triggering event". Mr. Dubosar never made the promised revisions.

[2] The underlying lawsuit concerns the enforcement of a settlement with the Secured Lenders from 2009 which was breached by the Lenders. That case went to mediation and settled and the Secured Lenders reneged on that settlement. As stated more fully below, the Secured Lenders represented to the Debtor and its principal and counsel in this case that the matter was settled, prompting the Debtor and its principal to take action beneficial to the Secured Lenders only to have the Secured Lenders renege on that settlement.

7) The Secured Lenders, through counsel Howard Dubosar, have repeatedly stated that the case was settled in order to induce the Debtor and its principals and representatives to take certain actions in reliance, including the following:

a) On May 7, 2013, in response to an inquiry as to whether the parties were settling, Howard DuBosar, counsel for the lenders, stated, "We are, subject to execution of final documentation".

b) On May 13, 2013, DuBosar's office emailed a proposed Settlement Agreement to counsel for the Debtor. DuBosar's office emailed the attachments to the Settlement Agreement the next day.

c) In reliance on these representations the Debtor's principal, Israel Kushnir, dismissed his personal Chapter 7 bankruptcy to allow the settlement to go forward.

d) As soon as the personal bankruptcy was dismissed Mr. Dubosar filed a Motion for Contempt against Mr. Kushnir in the pending State Court proceeding and set the matter for hearing at a time when Mr. Dubosar knew that Kushnir's State Court counsel, Mark Perlman, was on vacation in China. ( In an email dated May 19, 2013, Dubosar stated, "Did you have Perlman execute his release and notice of voluntary dismissal before he left?"). The personal Chapter 7 was dismissed based on Dubosar's representations that the case had settled.

e) On Mr. Perlman's return from China he filed a responsive pleading on behalf of Kushnir in which he alleged a fraud on the State Court by Mr. Dubosar and his client for attempting to proceed knowing that counsel was in China. The pleading included a claim for sanctions. A copy of that Opposition to Amended Motion for Contempt is attached as Exhibit B. The Opposition to Amended Motion for Contempt was set for hearing on July 3,

2013 in the State Court but that hearing was cancelled when Mr. Dubosar called the State Court to advise that the parties had settled.

f) Mark Perlman also brought an action against Micky Biss, the principal of the Secured Lenders, for an injunction against repeat violence. That matter was also dismissed based on the Secured Lenders' representations that the case had settled.

g) As a result of the filing of the Amended Motion for Contempt by Dubosar Mr. Kushnir filed a Motion to Shorten Prejudice Period in his personal bankruptcy case which was set for hearing before Judge Olson on June 18, 2013.

h) On June 17th Mr. Dubosar emailed the undersigned stating, "David: why are you going forward with the hearing tomorrow **now that our clients have signed a settlement agreement**?" (emphasis supplied).

i) At the hearing in the personal case before Judge Olson on June 18th Mr. Dubosar argued that the case was, in fact, settled and as a result of the settlement the Debtor's Motion should be denied. A copy of the hearing transcript has been ordered and will be filed with the Court when received. The Motion to Shorten Prejudice Perios was, in fact, denied based on Mr. Dubosar's representations.

j) As of the hearing on June 18th all parties had executed the Settlement Agreement except Mr. Kushnir's wife, Jennifer. That was explained to Judge Olson at the morning hearing. Mr. Dubosar nevertheless stated that the case had settled. The afternoon of June 18th Mr. Dubosar emailed the Debtor, "David: If you have been following the emails, you will realize that Jennifer has agreed to sign. We have agreed on a non-substantive modification that Gardiner [Jennifer's attorney] requested. On another note, do you think that it is still necessary to obtain bankruptcy court approval for the overall settlement now

that you have filed your motion to dismiss?" Mr. Dubosar again represented that the case had settled and that Jennifer Kushnir was part of the settlement.

k) The following day Mr. Dubosar sent an email stating, "Because we need to modify the agreement for the Jennifer provisions, I will eliminate the need to seek bankruptcy court approval as the triggering event". Court approval, therefore, is not a condition of enforecement.

l) Attached as Exhibit C is an email exchange between Mr. Dubosar and Jennifer's attorney, William Gardiner. In that exchange Dubosar again states that an agreement has been reached with the spouse. However, he never submitted the promised revisions and as a result of his actions the spouse has not signed the Settlement Agreement, but stands willing to do so.

8) The Debtor has continued to maintain and operate its various properties for the benefit of the Secured Lenders without compensation in reliance on the Settlement Agreement.

9) The Debtor should be compensated for the management of the company pending dismissal or conversion of the case.

10) The Debtor is entitled to its attorneys fees and costs for bringing this motion pursuant to the Settlement Agreement.

11) The Settlement Agreement should be approved by this court as binding on the Secured Lenders and based on the binding Settlement Agreement the case should be dismissed.

12) In the alternative, the Debtor requests stay relief to permit the State Court to enforce the Settlement Agreement.

WHEREFORE, I. Kushnir Hotels, Inc., respectfully request the Court approve and enforce the Settlement Agreement and dismiss this case, or alternatively grant stay relief for the

state Court to enforce the Settlement Agreement, and grant such other and further relief as the Court deems just and proper.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A); and that a true copy of the above document was filed electronically and served electronically to: U.S. Trustee and all interested parties on this 3rd day of July, 2013.

                DAVID W. LANGLEY
                Attorney for Debtor-in-possession
                8551 W. Sunrise Blvd., Ste 303
                Plantation, Florida 33322
                Telephone:     954-356-0450
                Facsimile:      954-356-0451
                E-mail: dave@flalawyer.com
                By:  ___/s/_David W. Langley_____
                      David W. Langley, Esq.
                      Florida Bar Number 348279

**SERVICE LIST**

*13-18034-RBR Notice will be electronically mailed to:*

Howard D. Dubosar, Esq. on behalf of Creditor RSAS, LLC
dubosarh@dubolaw.com,
SheresR@dubolaw.com;doylek@dubolaw.com;NovakT@dubolaw.com

Howard D. Dubosar, Esq. on behalf of Creditor USA Express, Inc.
dubosarh@dubolaw.com,
SheresR@dubolaw.com;doylek@dubolaw.com;NovakT@dubolaw.com

Howard D. Dubosar, Esq. on behalf of Creditor Doris Freudman
dubosarh@dubolaw.com,
SheresR@dubolaw.com;doylek@dubolaw.com;NovakT@dubolaw.com

Hollie N Hawn, Esq on behalf of Creditor Broward County
hhawn@broward.org

David W. Langley on behalf of Debtor I. Kushnir Hotels, Inc.
dave@flalawyer.com, emily@flalawyer.com;bankruptcy.paralegal@rocketmail.com

David W. Langley on behalf of Plaintiff I. Kushnir Hotels
dave@flalawyer.com, emily@flalawyer.com;bankruptcy.paralegal@rocketmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

*13-18034-RBR Notice will not be electronically mailed to:*

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-0<br>Case 13-18034-RBR<br>Southern District of Florida<br>Fort Lauderdale<br>Fri Jun  7 15:44:43 EDT 2013 | Broward County<br>Broward County Records,Taxes & Treasurer<br> c/o  Bankruptcy Section<br>115 S. Andrews Ave #423<br>Ft. Lauderdale, FL 33301-1826 | I. Kushnir Hotels, Inc.<br>3001 North Ocean Drive<br>Hollywood, FL 33019-3709 |
| RSAS, LLC<br>c/o The DuBosar Law Group, P.A.<br>1800 N. Military Trail, Suite 407<br>Boca Raton, FL 33431-6364 | USA Express, Inc.<br>c/o The DuBosar Law Group, P.A.<br>1800 N. Military Trail, Suite 470<br>Boca Raton, FL 33431-6396 | American Express<br>POB 650448<br>Dallas, TX 75265-0448 |
| Bradford J. Beilly, P.A.<br>1144 SE 3 Ave<br>Fort Lauderdale, FL 33316-1110 | Broward County Recording Office<br>115 South Andrews Ave<br>#114<br>Fort Lauderdale, FL 33301-1873 | Broward County Tax Collector<br>115 South Andrews Avenue<br>#A100<br>Fort Lauderdale, FL 33301-1888 |
| Broward County Tax Collector<br>115 South Andrews Avenue<br>119A<br>Fort Lauderdale, FL 33301-1801 | Doris Freudman<br>1744 South Miami Avenue<br>Miami, FL 33129-1511 | Florida Department of Revenue<br>5050 West Tennessee Street<br>Tallahassee, FL 32399-0100 |
| Ilan Haber<br>11 Bayard Street<br>Larchmont, NY 10538-2723 | Israel Kushnir<br>3001 North Ocean Drive<br>Hollywood, FL 33019-3709 | Law Offices of Mark  Perlman, P.A.<br>1820 East Hallandale Beach Blvd.<br>Hallandale, FL 33009-4717 |
| Marc and Nancy Solomon<br>35 Gatelot Avenue<br>Ronkonkoma, NY 11779-2304 | Micky Biss, Trustee<br>1744 South Miami Avenue<br>Miami, FL 33129-1511 | Nathan Levner<br>235 Lake Street<br>Oceanside, NY 11572-4212 |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Simona Ronen<br>39 Hag Street<br>Dania, Haifa 34980<br>Israel | State of Florida - Department of Revenue<br>Post Office Box 6668<br>Tallahassee, FL 32314-6668 |
| USA Express, Inc.<br>1744 South Miami Avenue<br>Miami, FL 33129-1511 | David W. Langley<br>8551 W Sunrise Blvd # 303<br>Fort Lauderdale, FL 33322-4007 | Doris Freudman<br>c/o The DuBosar Law Group, P.A.<br>1800 N. Military Trail, Suite 470<br>Boca Raton, FL 33431-6396 |

End of Label Matrix
Mailable recipients    23
Bypassed recipients     0
Total                  23