# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is made and entered into this *3rd* day of June, 2013 by and amongst RSAS, LLC, ("RSAS") USA EXPRESS, INC. ("USA"), DORIS FREUDMAN ("Freudman"), and MICKY BISS ("Biss"), (collectively the "Lender Parties"); and I. KUSHNIR HOTELS, INC. ("Hotels"), ISRAEL KUSHNIR ("Israel"), and JENNIFER KUSHNIR ("Jennifer"), (collectively the "Kushnir Parties").

## R E C I T A L S:

A.    On or about April 5, 2005, Micky Biss, Trustee of the Elaine Biss Revocable Trust made a loan in the sum of $400,000.00 to Defendants, Hotels and Israel, in connection with the property located at 3001 North Ocean Drive, Hollywood, FL.  The loan was thereafter assigned to RSAS (the "RSAS Loan").

B.    To evidence the RSAS Loan, on or about April 5, 2005, Hotels and Israel executed that certain Promissory Note in favor of Micky Biss, Trustee of the Elaine Biss Revocable Trust in the sum of $400,000.00 (the "RSAS Note").

C.    In connection with the RSAS Loan, on or about April 5, 2005, Hotels and Israel executed and delivered to Micky Biss, Trustee of the Elaine Biss Revocable Trust that certain Real Estate Mortgage, Assignment of Rents and Security Agreement (the "RSAS Mortgage and Assignment").

D.    The RSAS Mortgage and Assignment was recorded on April 13, 2005, in Official Records Book 39425, Page 285, of the Official Records of Broward County, Florida.

E.    In connection with the RSAS Loan, on or about September 29, 2006, Hotels and Israel executed and delivered to Micky Biss, Trustee of the Elaine Biss Revocable Trust that certain Modification of Mortgage and Note (the "RSAS Mortgage Modification").

F.    The RSAS Mortgage Modification was recorded on October 6, 2006, in Official Records Book 42898, Page 602, of the Official Records of Broward County, Florida.

*RSAS, LLC v. I Kushnir Hotels, et al.*
Case No.: CACE 12-12024 (14)

G.    In connection with the RSAS Loan, on or about July 24, 2007, Hotels and Israel executed and delivered to Micky Biss, Trustee of the Elaine Biss Revocable Trust that certain Second Modification of Mortgage (the "RSAS Second Mortgage Modification").

H.    The RSAS Second Mortgage Modification was recorded on August 13, 2007, in Official Records Book 44466, Page 593, of the Official Records of Broward County, Florida.

I.    In connection with the RSAS Loan, on or about July 24, 2007, Hotels and Israel executed and delivered to Micky Biss, Trustee of the Elaine Biss Revocable Trust that certain Future Advance Promissory Note in the amount of $350,000, ("RSAS Advance Note").

J.    In connection with the RSAS Loan, on or about July 24, 2007, Hotels and Israel executed and delivered to Micky Biss, Trustee of the Elaine Biss Revocable Trust that certain Consolidated Promissory Note in the amount of $750,000, ("RSAS Consolidated Note").

K.    In connection with the RSAS Loan, on or about April 24, 2008, Hotels and Israel executed and delivered to Micky Biss, Trustee of the Elaine Biss Revocable Trust that certain Third Modification of Mortgage and Note (the "RSAS Third Mortgage Modification").

L.    The RSAS Third Mortgage Modification was recorded on May 9, 2008, in Official Records Book 45354, Page 613, of the Official Records of Broward County, Florida.

M.    On or about December 18, 2009, Micky Biss, Trustee of the Elaine Biss Revocable Trust caused to be executed that certain Assignment of Mortgage and Other Loan Documents, assigning same to The Elaine Biss Irrevocable Trust, (the "Assignment to Irrevocable Trust").

N.    The Assignment to Irrevocable Trust was recorded on December 23, 2009, in Official Records Book 46753, Page 1275, of the Official Records of Broward County, Florida.

O.      On or about December 22, 2010, Micky Biss, Trustee of the Elaine Biss Irrevocable Trust caused to be executed that certain Assignment of Mortgage and Other Loan Documents, assigning same to RSAS, LLC, (the "Assignment to RSAS").

P.      The Assignment to RSAS was recorded on December 22, 2010, in Official Records Book 47607, Page 49, of the Official Records of Broward County, Florida.

Q.      On or about April 18, 2012, a demand for rents based on default was served upon Defendants, Hotels and Israel (the "RSAS Rent Demand").

R.      On or about April 24, 2008, USA made a loan in the sum of $1,300,000.00 to Defendants, Hotels and Israel, in connection with the property located at 340 DeSoto Street, Hollywood, FL; 3001 North Ocean Drive, Hollywood, FL; and 601 South Ocean Drive, Hollywood, FL (the "$1,300,000.00 USA Loan").

S.      To evidence the Loan, on or about April 24, 2008, Hotels and Israel executed that certain Promissory Note in favor of USA in the sum of $1,300,000.00 (the "**$1,300,000** USA Note").

T.      In connection with the **$1,300,000** USA Loan, on or about April 24, 2008, Hotels and Israel executed and delivered to USA that certain Real Estate Mortgage, Assignment of Rents and Security Agreement (the "$1,300,000.00 USA Mortgage and Assignment").  The **$1,300,000** USA Note and **the $1,300,000** USA Mortgage and Assignment will hereinafter be collectively referred to as the "**$1,300,000** USA Loan Documents."

U.      The **$1,300,000** USA Mortgage and Assignment was recorded May 9, 2008, in Official Records Book 45354, Page 600, of the Official Records of Broward County, Florida.

V.      On or about April 18, 2012, a demand for rents based on default was served upon Defendants, Hotels and Israel for rents collected from the property located at 340 DeSoto Street,

Hollywood, FL (the "$1,300,000.00 USA Rent Demand").

W.      On or about October 1, 2008, USA made a second loan in the sum of $700,000.00 to Hotels and Israel, in connection with the property located at 335 Monroe Street, Hollywood, FL; 3001 North Ocean Drive, Hollywood, FL; and 601 South Ocean Drive, Hollywood, FL (the "$700,000 USA Loan").

X.      To evidence the $700,000 USA Loan, on or about October 1, 2008, Hotels and Israel executed that certain Promissory Note in favor of USA in the sum of $700,000.00 (the "$700,000 USA Note").

Y.      In connection with the $700,000 USA Loan, on or about October 1, 2008, Hotels and Israel executed and delivered to USA that certain Real Estate Mortgage, Assignment of Rents and Security Agreement (the "$700,000 USA Mortgage and Assignment"). The $700,000 USA Note and $700,000 USA Mortgage and Assignment will hereinafter be collectively referred to as the "$700,000 USA Loan Documents."

Z.      The $700,000 USA Mortgage and Assignment was recorded October 7, 2008, in Official Records Book 45734, Page 724, of the Official Records of Broward County, Florida.

AA.     On or about April 18, 2012, a demand for rents based on default was served upon Defendants, Hotels and Israel for rents collected from the property located at 335 Monroe Street, Hollywood, FL (the "$700,000 USA Rent Demand").

BB.     On or about July 24, 2007, Freudman made a loan in the sum of $450,000.00 to Defendants, Hotels and Israel, in connection with the property located at 601 South Ocean Drive, Hollywood, FL (the "Freudman Loan").

CC.     To evidence the Loan, on or about July 24, 2007, Hotels and Israel executed that certain Promissory Note in favor of Freudman in the sum of $450,000.00 (the "Freudman

States Bankruptcy Court, Southern District of Florida, Case No.: 13-18034-RBR, ("Hotels'

Bankruptcy Case").

LL.    On April 10, 2013, Israel filed a Chapter 7 Voluntary Petition in the United States

Bankruptcy Court, Southern District of Florida, Case No.: 13-18137-JKO, ("Personal

Bankruptcy Case

MM.    On May 20, 2013, Hotels filed an Adversary Complaint to Determine Nature and

Extent of Liens under Hotels' Bankruptcy Case, Case No.: 13-01394-RBR, ("Adversary

Bankruptcy Case").

NN.    On or about August 23, 2012, Attorney Mark Perlman ("Perlman") filed a Petition

for Injunction for Protection Against Repeat Violence in Broward County, Florida, case styled:

*Mark Perlman v. Micky Biss*, Case No.: DVCE 12-5512 (59) (the "Perlman case").

OO.    On or about December 11, 2012, Broward County Circuit Court entered an Order

Extending Injunction for Protection Against Repeat Violence in the Perlman case The parties are

desirous of fully and finally resolving their differences that are the subject of the Litigation, the

Hotels Bankruptcy Case, Personal Bankruptcy Case and the Adversary Bankruptcy Case.

NOW THEREFORE, in consideration of the aforesaid Recitals (which are hereby

incorporated into and shall be deemed a part of this Agreement), the covenants and agreements

hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of

which are hereby acknowledged by all parties, it is agreed by and among the parties hereto as

follows:

## AGREEMENT

1.    **Dismissal of the Hotels Bankruptcy Case.**    Upon the execution of this

Agreement, the parties will jointly request the Bankruptcy Court to dismiss the Hotels

Bankruptcy Case, including the Adversary Bankruptcy Case filed thereunder. Neither party will engage in any action that would undermine the Bankruptcy Court's ability to approve this Agreement. Hotels will agree to the entry of an order providing for complete stay relief, including the appointment of a manager **selected by the Lender Parties** to operate the Subject Properties through the date that the certificate of title is issued to the successful bidder(s) at the Circuit Court's foreclosure sales.

2.  **Agreed Final Judgment of Foreclosure and Waiver of Right to Deficiency**. The Kushnir Parties consent to the entry of Final Summary Judgment of Foreclosure with respect to all of the loans and the properties that are the subject of the Litigation (the "Judgments"). Accordingly, ~~simultaneously with the execution hereof,~~ the Kushnir parties will execute ~~and file with the court~~ a Consent to Judgment identical in form and substance to that attached as **Exhibit** *TO BE FILED UPON BANKRUPTCY COURT APPROVAL* **"A".** The judgments to be executed thereon will specifically exclude the Lender Parties right to obtain a deficiency judgment.

3.  **Withdrawal of Defenses and Dismissal of Counter-Claim and Third Party Complaint.** Upon the Bankruptcy Court's approval of this Agreement, counsel for the Parties will execute and file with the Circuit Court a Joint Motion for Approval of the Settlement Agreement, Withdrawal of Defenses and Dismissal of Amended Counter-Claim and Third-Party Complaint identical in form and substance as that attached hereto as **Exhibit "B"**. Upon Bankruptcy Court's approval of this Agreement counsel for the Lender Parties will present same to the Circuit Court for entry of an Order for Approving and Adopting the Settlement identical to form and substance as that attached hereto as **Exhibit "C"**. As is set forth in Exhibits B and C, the Kushnir Parties affirmative defenses will be withdrawn with prejudice and the Amended

Counter-Claim and Third-Party Complaint will be dismissed with prejudice, with each party to bear its own fees and costs.

    4.    **Possession and Control of the Subject Properties Pending Issuance of Certificate of Title**.  Upon the Bankruptcy Court's approval of the Settlement Agreement, Hotels and Israel will turnover possession and control of the Subject Properties to Brenner Real Estate Group as Property Manager, including all personalty located thereon, as well as the last twelve (12) months of business records of the businesses being conducted thereon. To effectuate the appointment of said Property Manager pending the dismissal of Hotels' Bankruptcy Case, Hotels and Lender Parties will request approval from the U.S. Bankruptcy Court.  Upon dismissal of Hotels' Bankruptcy Case, Plaintiffs will present an agreed order for entry by the Circuit Court appointing Scott Brenner as its designated Receiver to operate the Subject Properties during the period after dismissal of bankruptcy through the issuance of the certificates of title for the Subject Properties after the foreclosure sales. Such Order Appointing Receiver will be identical in form and substance to that attached hereto as **Exhibit "D"**. The turnover of possession and control contemplated herein shall be effectuated by the Hotels and Israel turning over to Scott Brenner, the following items that are in Hotels and Israel's possession, custody and control:

      a.  Keys to every lock located on the Subject Properties, which keys shall be identified as to which locks they apply to; as well as all master keys with proper identification, for the Subject Properties;

      b.  All original current leases or other forms of agreement allowing third-parties to occupy a portion of any of the Subject Properties; as well as all current tenant files; All licenses utilized in the operation of the Subject Properties. A

list of all vendors, including contact information, who provide goods or services in conjunction with the operation of the Subject Properties;

c.  Copies of all invoices for all utility and other vendors for the last twelve (12) months;

d.  A list of personnel, including contact information, a description of their job responsibilities, amounts paid and at what interval;

e.  All current insurance policies providing coverage for the Subject Properties which policies will be assigned to Lender Parties by an appropriate instrument;

f.  All open, unresolved citations issued by any governmental authority with respect to any of the Subject Properties ;

g.  All passwords and pass-codes relating to any of the Subject Properties;

h.  All tools and equipment utilized in conjunction with the ownership, operation and maintenance of the Subject Properties;

i.  All warranties and manuals for any equipment, tools, machinery or appliance utilized at the Subject Properties or for any improvements located thereon;

j.  All plans, surveys, environmental reports and other such documents pertaining to the Subject Properties;

k.  An inventory of personal property and supplies on hand for the Subject Properties;

l.  A current rent roll for each property delineating, to the best of Kushnir's knowledge and belief, the tenant, unit number, term, rent obligation, status,

and whether security deposits and/or advance rents were paid and the amount of same.

5.    **Consulting Fee**.  In consideration for Israel's rendition of services hereunder to effectuate a smooth transition of the Subject Properties to the Property Manager, the Lender Parties will pay a $12,500 consulting fee to Kushnir. Said fee will be placed in escrow with The DuBosar Law Group, P.A. upon the full execution hereof and same will be disbursed upon Israel's full performance of his obligations under Section 4 above as well as satisfaction of the "Perlman Consideration" as that term is defined below.

6.    **No Removal of Fixtures or Furnishings**. Hotels and Israel will not directly or indirectly remove (and have not directly or indirectly removed prior to execution of this Agreement) any fixtures, furnishings, appliances, machinery, tools, equipment or supplies from the Subject Properties prior to or at turnover of possession.  Moreover, Hotels and Israel will not authorize any tenants or other third-parties to remove any of these items from the Subject Properties.  Between the execution hereof and the turnover of control contemplated by Section 4 above, the Lender Parties will have the right to hire a security guard to enter onto and monitor the Subject Properties to ensure that this provision is complied with.

7.    **Rents and Hotel Revenues**.  Upon approval of the Agreement by the Bankruptcy court, all net rent retained in the DIP Account shall be turned over to Brenner Real Estate Group. Hotels and Israel will account for any such rent and/or revenue that may have been collected from April 9, 2013 through the date of turnover of possession to the Bankruptcy court appointed property manager, and pay same to the Lender Parties.  All income generated from the Subject Properties after turnover of control to the Property Manager pursuant to Section 4 above, will be the sole and exclusive property of the Lender Parties.

8.     **Security Deposits and Advance Rents**.   At turnover, Hotels and Israel will provide an affidavit delineating all security deposits and advance rents (i.e., last month's rent) that have been collected for all or a portion of the Subject Properties.  All such security deposits and advance rents shall be turned over to the Property Manager / Receiver to the extent still in Hotels' possession.   For all security deposits and advance rents turned over to the Property Manager / Receiver, the Lender Parties will indemnify and hold Hotels and Israel harmless from any tenants claiming an interest in such deposits and advance rents; providing however, that full, complete and accurate information was provided by Hotels and Israel with respect to said deposits and advance rents and that the entire amounts were turned over to the Brenner Real Estate Group.  To the extent that any security deposit and/or advance rent was not disclosed, Hotels and Israel will indemnify and hold the Brenner Real Estate Group and Lender Parties harmless from the claims of any third party seeking a return of an undisclosed deposit or advance rent.

9.     **Hotels and Israel Representations and Warranty**.  Hotels and Israel hereby represent and warrant to the best of their knowledge the following:

a.     Hotels is in possession of the Subject Properties, and other than those tenants currently renting and occupying a portion of the Subject Properties, no person, corporation or entity has any right or lawful claim to possession or use thereof.

b.     No judgments have been rendered and no suits are now pending against Hotels in any court of record, which impair or involve title to the Subject Properties with the exception of that certain lien recorded in favor of Broward County; nor have any writs of execution or attachment, issued from any court, been levied, upon the Subject Properties in the County belonging to Hotels.

DPF

c.      There are no unrecorded mortgages, trust deeds or vendor's lien notices now outstanding against the Subject Properties.

d.      All persons, firms and corporations who have performed labor or supplied materials upon the Subject Properties, if any, have been fully paid and that there is no person, firm or corporation who has any right or claim of lien against the Subject Properties for having furnished material or performed labor thereon; and that there have been no improvements, alterations or repairs to the Subject Properties for which the costs thereof remain unpaid; that there are no mechanics', materialmen's or laborers' liens against the Subject Properties; that no improvements have commenced on the Subject Properties nor has any labor been furnished and no building materials have been delivered or stored upon the Subject Properties which have not been paid for in full.

e.      Hotels and Israel have not nor will not permit any instrument which is adverse to the marketable title of the Subject Properties to be recorded amongst the Public Records of Broward County, Florida, and will not do so subsequent to the execution of this Settlement Agreement through the date of execution and delivery of the certificates of titles.

10.      **Waiver of Right to Appeal**.  As a condition of this Settlement Agreement, the Parties will not appeal any dismissal, order or judgment that may be entered pursuant to the terms of this Settlement Agreement.

11.      **Modification of the No Contact Ruling**.  Upon the Bankruptcy court's approval of Brenner Real Estate Group as property manager, the parties will present an agreed order to the Circuit court vacating the August 20, 2012 Ruling of Judge Marc Gold, precluding contact between Lender Parties and Israel, as well as the Lender Parties and Perlman.  Hotels and Israel will immediately make the Subject Properties available for Scott Brenner to enter and begin his

review and assessment of same. Coordinating mutually convenient dates and times for Scott Brenner to meet with Israel and view the Subject Properties shall be done through David J. Schottenfeld, Esq., (954) 316-5033.

12.     **The Perlman Condition**.  As a condition precedent to the enforcement of this Agreement, upon full execution hereof on even date herewith,  Perlman will execute and deliver to Howard D. DuBosar a Notice of Voluntary Dismissal with Prejudice to be filed in the Perlman case, Also upon the execution hereof, the Lender Parties and Perlman will execute and deliver to each other Releases and Covenants Not to Sue identical in form and substance to those attached as **Exhibits "E" and F"**.

13.     **Letter to Tenants**.  Upon the Bankruptcy Court's approval of Brenner Real Estate Group as property manager (and the proposed letter referred to below), Israel will execute and deliver to all tenants occupying any portion of the premises of the Subject Properties, a letter identical in form and substance to the letter attached hereto as **Exhibit "G"**.

14.     **Israel Release in Favor of the Lender Parties**.  Simultaneously with the execution hereof, Israel will execute and deliver to the Lender Parties, a General Release and Covenant Not to Sue identical in form and substance to that attached hereto as **Exhibit "H"**.

15.     **Lender Parties' Release in Favor of Israel Kushnir**.  Simultaneously with the execution hereof, the Lender Parties will execute and deliver into escrow with The DuBosar Law Group, P.A., a General Release and Covenant Not to Sue in favor of Israel, identical in form and substance to that attached hereto as **Exhibit "I"**.

16.     **Hotels Release in Favor of the Lender Parties**.  Simultaneously with the execution hereof, Hotels will execute and deliver to the Lender Parties, a General Release and Covenant Not to Sue identical in form and substance to that attached hereto as **Exhibit "J"**.

17. **Lender Parties' Release in Favor of Hotels**.  Simultaneously with the execution hereof, the Lender Parties will execute and deliver into escrow with The DuBosar Law Group, P.A., a General Release and Covenant Not to Sue in favor of Hotels, identical in form and substance to that attached hereto as **Exhibit "K"**.

18. **Jennifer Release in Favor of the Lender Parties**.  Simultaneously with the execution hereof, Jennifer will execute and deliver to the Lender Parties, a General Release and Covenant Not to Sue identical in form and substance to that attached hereto as **Exhibit "L"**.

19. **Lender Parties' Release in Favor of Jennifer**.  Simultaneously with the execution hereof, the Lender Parties will execute and deliver into escrow with The DuBosar Law Group, P.A., a General Release and Covenant Not to Sue in favor of Jennifer, identical in form and substance to that attached hereto as **Exhibit "M"**.

20. **Lender Parties' Releases**.  The DuBosar Law Group, P.A. will deliver the Lender Parties' Releases out of escrow to Hotels and Israel, by way of their attorney Mark Perlman, Esq., and to Jennifer, by way of her attorney, William L. Gardiner, III, Esq., upon the Bankruptcy Court's approval of this Agreement.

21. **Prevailing Party Attorney Fees and Costs.**  In the event of a dispute, legal action, or other proceeding arising out of, relating to, or resulting from this Agreement, whether or not a lawsuit or other proceeding is filed, the prevailing party is entitled to recover its reasonable attorney fees and costs, whether incurred before suit, during suit, or at the appellate level.  The prevailing party is also entitled to recover any attorney fees and costs incurred in litigating the entitlement to attorney fees and costs, as well as in determining or quantifying the amount of attorney fees and costs due to it.

22. **Recoverable Costs.**  The reasonable costs that a Party is entitled to recover

pursuant to this Agreement include any costs that are taxable pursuant to any applicable statute, rule, or guideline (including, but not limited to, the Statewide Uniform Guidelines for Taxation of Costs).

23.     **Modification of Agreement.**  The Parties may modify this Agreement only by a further written agreement signed by all of the Parties and notarized.

24.     **Time is of the Essence.**  Time is of the essence of this Agreement and each and every term and condition and covenant contained herein.

25.     **Invalidity of Provisions.**  If any provision of this Agreement is held to be invalid or unenforceable by a court of competent jurisdiction, the other provisions of this Agreement, and the Exhibits hereto, will remain in full force and effect.

26.     **Successors and Assigns.**  This Agreement is binding on all successors, heirs, personal and legal representatives, or assigns of the Parties.

27.     **Governing Law.**  The terms of this Agreement are to be governed according to the laws of the State of Florida.

28.     **Forum for Disputes.**  The forum for any dispute arising out of or relating to this Agreement or the subject matter hereof will be in Broward County, Florida and nowhere else.

29.     **Representation by Counsel.**  Each of the Parties has read and understands each and every provision contained in this Agreement and has had the opportunity to seek the advice and representation of independent counsel.

30.     **Joint Work Product.**  This Agreement is the joint work product of all Parties hereto.  Accordingly, no term or provision herein shall be more strictly construed against any one Party on the legal basis that a contract should be construed against the drafting party.

31.     **Authority to Execute.**  Each Party and/or representative hereto represents and

warrants that it/he/she:

    a.   has full authority to execute this Agreement, bind said Party to the terms herein, and fully perform the obligations undertaken by said Party herein;

    b.   either (i) does not have to obtain any third-party consent(s) to enter into this Agreement or to consummate any of the transactions contemplated herein or (ii) has obtained any necessary third-party consent(s);

    c.   has taken all necessary corporate and internal legal actions to approve the entering into and performance of this Agreement, and no further corporate or other internal approvals are necessary (where applicable); and

    d.   is under no obligations or restrictions that would in any way interfere or conflict with its/his/her performance under this Agreement with exception of the U.S. Bankruptcy Court for the Southern District of Florida.

    32.   **Competence to Execute.** Each Party and/or representative hereto represents and warrants that it/he/she is legally competent to execute this Agreement.

    33.   **Counterparts.** This Agreement may be executed in counterparts, each of which constitutes an original, and all of which constitute one and the same instrument. Additionally, the different counterparts of this Agreement may be executed separately by each signatory, and all such separately executed counterparts, when taken together, shall be treated as and constitute one and the same instrument.

    34.   **Further Assurances.** The Parties will execute all documents necessary and appropriate to finally settle this matter and to effectuate the Parties' intentions hereunder.

    35.   **Waiver of Trial by Jury.** THE PARTIES HERETO WAIVE THE RIGHT TO A TRIAL BY JURY OF ANY ISSUE TRIABLE BY RIGHT OF JURY, AND WAIVE ANY

RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL

NOW OR HEREAFTER EXIST IN ANY ACTION OR PROCEEDING BASED UPON, OR

RELATED TO, THE SUBJECT MATTER OF THIS AGREEMENT, AND EACH SUCH

PARTY ACKNOWLEDGES THAT NEITHER THE OTHER PARTY NOR ANY PERSON

ACTING ON BEHALF OF ANY OTHER PARTY HAS MADE ANY REPRESENTATIONS

OF FACT TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO

MODIFY OR NULLIFY ITS EFFECT.   THE PARTIES HERETO HEREBY FURTHER

ACKNOWLEDGE THAT THEY HAVE BEEN REPRESENTED OR HAVE HAD THE

OPPORTUNITY TO BE REPRESENTED IN THE SIGNING OF THIS AGREEMENT AND

IN THE MAKING OF THIS WAIVER BY INDEPENDENT LEGAL COUNSEL, SELECTED

OF THEIR OWN FREE WILL, AND THAT THE PARTIES HERETO HAVE HAD THE

OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL.   THE PARTIES HERETO

FURTHER ACKNOWLEDGE THAT THEY HAVE READ AND UNDERSTAND THE

MEANING AND RAMIFICATIONS OF THIS WAIVER PROVISION, AS EVIDENCED BY

THEIR SIGNATURES BELOW.

    36.   **Merger and Integration.**   This Agreement supersedes and cancels all prior

negotiations between the Parties. The Parties acknowledge and agree that they have not relied on

any written or oral statements, representations, agreements, or warranties except those expressed

in this Agreement, and that this Agreement contains the entire agreement of the Parties hereto

with respect to the subject matter hereof.

    IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the

3ᴿᴰ day of June , 2013.

*RSAS, LLC v. I Kushnir Hotels, et al.*
Case No.: CACE 12-12024 (14)

Witnesses:

**RSAS, LLC**

By: Micky Biss
Its: Managing Member

STATE OF FLORIDA          )
                                             ) ss.:
COUNTY OF BROWARD     )

    Sworn to and subscribed before me this 3rd day of June, 2013 by Micky Biss, as Managing Member of **RSAS, LLC**, who personally appeared before me, ☒ **who is personally known to me**, or ☐ who produced _____ as identification.

Commission No
EE 837895

Notary Public-State of Florida
Print Name: Tess Novak
My Commission Expires: 1/17/2017

**USA EXPRESS, INC.**

Witnesses:

By: Micky Biss
Its: President

STATE OF FLORIDA          )
                                             ) ss.:
COUNTY OF BROWARD     )

    Sworn to and subscribed before me this 3rd day of June, 2013 by Micky Biss, as President / Director of **USA EXPRESS, INC.**, who personally appeared before me, ☒ who is personally known to me, or ☐ who produced _____ as identification.

Commission No.
EE 837895

Notary Public-State of Florida
Print Name: Tess Novak
My Commission Expires: 1/17/2017

*RSAS, LLC v. I Kushnir Hotels, et al.*
Case No.: CACE 12-12024 (14)

Witnesses:

_____

_____
Tess Novak

_____
**DORIS FREUDMAN**

STATE OF FLORIDA          )
                          ) ss.:
COUNTY OF BROWARD         )

       Sworn to and subscribed before me this 3rd day of June, 2013 by **DORIS FREUDMAN**, who personally appeared before me, ☒ **who is personally known to me**, or ☐ who produced _____ as identification.

Commission No.
EE 837895

_____
Notary Public-State of Florida
Print Name: Tess Novak
My Commission Expires: 1/17/2017

Witnesses:

_____

_____
Tess Novak

_____
**MICKY BISS**

STATE OF FLORIDA          )
                          ) ss.:
COUNTY OF BROWARD         )

       Sworn to and subscribed before me this 3rd day of June, 2013 by **MICKY BISS**, who personally appeared before me, ☒ **who is personally known to me**, or ☐ who produced _____ as identification.

Commission No.
EE 837 895

_____
Notary Public-State of Florida
Print Name: Tess Novak
My Commission Expires: 1/17/2017

Witnesses:

_____

**ISRAEL KUSHNIR**

_____

STATE OF FLORIDA              )
                             ) ss.:
COUNTY OF BROWARD            )

Sworn to and subscribed before me this **3RD** day of June, 2013 by **ISRAEL KUSHNIR**, who personally appeared before me, ☐ who is personally known to me, or ☒ who produced **FLORIDA DRIVERS LICENSE** as identification.

Commission No.
EE 837895

Notary Public-State of Florida
Print Name: _Tess Novak_
My Commission Expires: 1/17/2017

Witnesses:

_____

**I. KUSHNIR HOTELS, INC.**

_____

By: Israel Kushnir
Its: President

STATE OF FLORIDA              )
                             ) ss.:
COUNTY OF BROWARD            )

Sworn to and subscribed before me this **3RD** day of June, 2013 by Israel Kushnir, as President of **I. KUSHNIR HOTELS, INC.**, who personally appeared before me, ☒ who is personally known to me, or ☒ who produced **FLA. DRIVERS LICENSE** as identification.

Commission No.
EE 837895

Notary Public-State of Florida
Print Name: _Tess Novak_
My Commission Expires: 1/17/2017

Witnesses:

_____

_____          **JENNIFER KUSHNIR**

STATE OF FLORIDA                )
                                ) ss.:
COUNTY OF BROWARD               )

      Sworn to and subscribed before me this _____ day of June, 2013 by **JENNIFER KUSHNIR,** who personally appeared before me, ☐ who is personally known to me, or ☐ who produced _____ as identification.

_____
Notary Public-State of Florida
Print Name:_____
My Commission Expires: