IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

RSAS, LLC., a Florida Liability Company, USA EXPRESS, INC., a Florida corporation and DORIS FREUDMAN,

        Plaintiffs,

vs.

CASE NO.: 12-12024 CACE (14)

I. KUSHNIR HOTELS, INC., a Florida Corporation and ISRAEL KUSHNIR,

        Defendants.

_____/

## OPPOSITION TO AMENDED MOTION FOR CONTEMPT MOTION TO VACATE MAY 23, 2013 ORDER AND MOTION FOR SANCTIONS

**COMES NOW** the Defendant, ISRAEL KUSHNIR, by and through his undersigned attorney, and files his Opposition to Amended Motion For Contempt, Motion to Vacate May 23, 2013 Order and Motion for Sanctions, and in support thereof would respectfully show to the Court as follows:

1.    The purpose of Civil Contempt is to obtain compliance on the part of a person subject to an order of the Court. *Bowen v. Bowen,* 471 So.2d 1274 (Fla. 1985)

2.    "A Civil Contempt proceeding is used solely to obtain compliance with a Court directive and even then only when the contemnor has the ability to comply with the directive." *Parsons v. Wennet*, 625 So.2d 945 (Fla 4th DCA, 1993)

3.    Plaintiffs allege that Defendant Israel Kushnir, individually failed to comply with the February 25, 2013 Order by failing to deposit rents in to the Court Registry and by failing to provide an Affidavit accounting for the rent collected and expenses paid.

1

4. Plaintiffs further allege that Defendant Israel Kushnir, individually failed to comply with the March 28, 2013 Agreed Order by failing to provide unredacted discovery responses to Plaintiffs December 20, 2012 discovery request.

5. It is therefore Plaintiffs position that Israel Kushnir, individually with willful and contumacious disregard of the authority refused to comply with the Orders of this Court.

### THE BANKRUPTCY STAY OF I. KUSHNIR HOTELS, INC.

6. 11 U.S.C. 362(a)(1) provides for an automatic Stay against the continuation of any action or proceeding in existence before the commencement of a Bankruptcy proceeding.

7. Further, 11 U.S.C. 362(a)(3)-(5) provides that there is an automatic Stay of any act to obtain possession of any property or enforce any lien against the property of a Bankrupt party.

8. On April 9, 2013 I. Kushnir Hotels, Inc. filed its Chapter 11 Voluntary Petition for Bankruptcy thereby imposing an automatic stay against Plaintiffs continuing with any further court proceedings to obtain possession of any property or enforce any lien against the corporation.

9. Here, the corporation I. Kushnir Hotels, Inc. is the owner of all four (4) properties subject to this mortgage foreclosure act and therefore any Court action to obtain a Court Registry deposit of rents is stayed by operation of Federal Law, specifically, 11 U.S.C. 362.

10. First, Israel Kushnir, individually did not willfully and contumaciously disregard the authority of this Court by refusing to comply with the Rent Order and Discovery Order, since both Orders pertain to Plaintiffs' mortgage foreclosure actions that is subject is subject to the automatic bankruptcy stay.

11. Second, Mr. Kushnir was acting pursuant to advice of counsel that the Bankruptcy Stay precludes the Plaintiffs from bringing any proceeding pertaining to the enforcement of their

mortgage liens and further that this Court is without legal authority to continue any proceeding against the Bankrupt party I. Kushnir Hotels, Inc.

12. Since only the Bankrupt party I. Kushnir Hotels, Inc. has the right to receive rents and pay expenses in the Bankruptcy proceeding, and these rights are subject to control of the Bankruptcy Court, Plaintiffs are precluded from taking any action to enforce its mortgage lien rights by seeking compliance with the rent Order or the discovery Order as to collection of rents or other property of the Bankrupt corporation.

13. Plaintiffs Amended Motion for Contempt seeking Court Registry deposits of, and discovery pertaining to, the Bankrupt corporation's rental income is a direct violation of the Automatic Stay provisions of the Bankruptcy Code.

14. Mr. Kushnir does not have the ability to make Court Registry deposits of rents of the Bankrupt corporation or account for the Bankrupt Corporation's income and expenses and therefore can not be held in Contempt of Court. *Parsons v. Wennet*, 625 So.2d 945 (Fla 4th DCA, 1993)

## FRAUD ON THE COURT

15. On April 10, 2013, Israel Kushnir, individually filed a Chapter 7 Voluntary Petition for Bankruptcy, thereby causing an Automatic Stay of this case against Mr. Kushnir personally pursuant to 11 U.S.C. 362.

16. On April 10, 2013 Mr. Kushnir requested and obtained an extension of time through May 6, 2013 in which to file his Bankruptcy schedules and then sought an additional extension of time.

17. On May 13, 2013 Mr. Kushnir withdrew his Motion for Extension of Time based upon the assertion by Plaintiffs attorney Mr. Dubosar that the case was settled, and on May 14, 2013 Mr. Kushnir's personal Chapter 7 Petition was dismissed.

18. Plaintiffs then reneged on their agreement to settle and within three (3) days of the dismissal filed the instant Motion for Contempt in this case.

19. Pursuant to 11 U.S.C. 109(g) Mr. Kushnir is precluded from re-filing his personal Bankruptcy Petition for a period of 180 days after the dismissal which occurred on May 14, 2013.

20. Plaintiffs fraudulently induced Mr. Kushnir to withdraw his Motion for Extension of Time with the resulting dismissal of the Chapter 7 Bankruptcy Petition by falsely stating that the case was settled with the intention of immediately proceeding with the Contempt proceeding.

21. Annexed hereto as Exhibit "A" is Mr. Kushnir's Motion in Bankruptcy Court seeking to shorten the prejudice period and allow an immediate filing of a new Chapter 7 Petition.

22. Accordingly, Plaintiffs Amended Motion for Contempt constitutes a fraud on this Court since it falsely claims that Mr. Kushnir individually willfully and contumaciously failed to account for and deposit rents in the Court Registry and provide discovery for the Bankrupt corporation, and further seeks personal contempt against Mr. Kushnir after procuring a dismissal of his Chapter 7 Petition with false statements of settlement.

23. To make Plaintiffs fraudulent conduct even more egregious, Plaintiffs and their attorney appeared before this Court on May 23, 2013 after the undersigned attorney filed a Notice of Unavailability stating that he would be on vacation and obtained an Order of this Court requiring Mr. Kushnir to comply with outstanding discovery pertaining to the Corporation's assets and scheduling a hearing on the Amended Motion for Contempt.

24. Since Mr. Kushnir's attorney was on vacation and unable to attend the May 23, 2013 hearing, the foregoing arguments were not presented to the Court and a fraud was perpetrated on this Court by Plaintiff and their attorney.

25. Israel Kushnir submits that the May 23, 2013 Order should be vacated as a fraud on the Court obtained in violation of Defendant's Notice of Unavailability.

26. Since the only claim against Mr. Kushnir is on the personal guaranty of the promissory notes and mortgages sued upon, the Automatic Stay of enforcement of the Corporate mortgages precludes Plaintiffs from seeking, and the Court from taking any action pertaining thereto. Therefore, the Amended Motion for Contempt should be denied.

27. Further, any action against Mr. Kushnir in this case should be stayed until the Bankruptcy Court has ruled on the Motion to Shorten the Prejudice Period. If the Bankruptcy Court grants the Motion, this Court will once again be subject to the automatic stay provisions of 11 U.S.C. 362 as to Mr. Kushnir personally.

28. Finally, Plaintiffs fraudulent conduct in obtaining the dismissal of Mr. Kushnir's Chapter 7 case, false statements in claiming that Mr. Kushnir is in contempt of this Court's Orders and conducting Court hearings during the vacation of the undersigned attorney has caused Mr. Kushnir to expend unnecessary attorneys fees as follows:

    a. The preparation of the Motion to Shorten Prejudice Period in Bankruptcy Court;

    b. The hiring of additional counsel to handle the May 23, 2013 hearing.

    c. The preparation of the within Opposition to Amended Motion For Contempt, Motion to Vacate May 23, 2013 Order and Motion for Sanctions.

29. Defendant therefore requests this Court to Order Plaintiffs to pay Defendants attorneys fees incurred as a result of the foregoing.

**WHEREFORE**, Defendant, ISRAEL KUSHNIR respectfully requests that this Honorable Court render an Order granting the following relief:

1. Denying Plaintiff's Amended Motion for Contempt and for Sanctions;

2. Vacating the May 23, 2013 Order;

3. Staying further proceedings in this action until the Bankruptcy Court rules on Mr. Kushnir's Motion to Shorten Prejudice Period;

4. Granting Sanctions against Plaintiff by Ordering Plaintiff to take no further action in this matter until the Bankruptcy Court rules on Defendant's Motion to Shorten the Prejudice Period, awarding Defendant Court Costs and attorneys fees in the defense of the within Amended Motion for Contempt and for Sanctions; and

5. For such other and further relief as this Court deems just, and proper.

### CERTIFICATE OF EMAIL DESIGNATION

I HEREBY CERTIFY that the following e-mail addresses are designated for service of pleadings and other documents, and service of any such documents must be directed to all designated e-mail addresses in this action pursuant to Rule 2.516(b)(A) of the Rules of Judicial Administration:

1. mperlman@soflalaw.com
2. marian@soflalaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail upon Howard David DuBosar, The DuBosar Law Group, P. A., 1800 North Military Trail Ste. 470, Boca Raton, FL 33431-6364 **dubosarh@dubolaw.com**, **Pleadings@dubolaw.com**, **NovakT@dubolaw.com**, **DoyleK@dubolaw.com** via email to Doris Freudman, Esq. **dfreudman@aol.com** located at 1744 S. Miami Ave., Miami, FL 33129,

Ronald L. Miller, Esq., Ronald L. Miller, P. A., **rmiller@anselmiller.com,** and William L. Gardiner, III, Conrad & Scherer, LLP, 663 South Federal Highway, Fort Lauderdale, FL 33303 **wlgpleadings@conradscherer.com** this ____ day of May, 2013.

        **MARK PERLMAN, P.A.**
        Attorney for Defendant Israel Kushnir
        1820 E. Hallandale Beach Blvd.
        Hallandale, Florida  33009
        Telephone:  (954) 456-1333
        Telefax (954) 454-5081
        Email:  mperlman@bellsouth.net

        By:_____
        MARK PERLMAN, ESQ.
        Fla. Bar No.: 256714